UNITED STATES *v.* BRANDENSTEIN & Co. (No. 1884).[1]

1. CONSTRUCTION, PARAGRAPH 193, TARIFF ACT OF 1913—"RICE, CLEANED."

The provision for "rice, cleaned," in paragraph 193, tariff act of 1913, means rice separated from both the outer hull and the inner cuticle.

2. RICE, CLEANED AND UNCLEANED.

Rice known as brown rice, which has had the outer husk removed and some of the inner cuticle as an incident to the husking process, but which has to be further processed in order to remove the inner cuticle, is dutiable under paragraph 193, tariff act of 1913, not as "rice, cleaned," but as "uncleaned rice, or rice free of the outer hull and still having the inner cuticle on."

### United States Court of Customs Appeals, May 31, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41480.

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Irving Washburn,* special attorney, of counsel), for the United States.

*H. U. Brandenstein* for appellees.

[Oral argument May 16, 1918, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

A thousand bags of rice from China was classified by the collector of customs at the port of San Francisco as "cleaned rice" and was assessed for duty at 1 cent per pound under that part of paragraph 193 of the tariff act of 1913 which reads as follows:

193. Rice, cleaned, 1 cent per pound; uncleaned rice, or rice free of the outer hull and still having the inner cuticle on, five-eighths of 1 cent per pound; rice flour, and rice meal, and rice broken which will pass through a No. 12 sieve of a kind prescribed by the Secretary of the Treasury, one-fourth cent per pound; paddy, or rice having the outer hull on, three-eighths of 1 cent per pound.

The importers protested that the merchandise was not cleaned rice, but rice "free of the outer hull and still having the inner cuticle on," and that therefore the importation was dutiable at five-eighths of a cent per pound under the provision above quoted.

The Board of General Appraisers sustained the protest and the Government appealed.

It appears from the uncontradicted evidence in the record that rice seed as it comes from the rice plant is composed of a granular, starchy body, surrounded by a very fine creamy layer of gluten or "polish." The layer of gluten is covered by a rich brown cuticle or skin, and the whole seed is enveloped by a brown husk, hull, or shell.

In order to produce white rice, the rice which is generally used for human consumption, the seed is passed between revolving mill-stones so adjusted as to grind off the outer husk, hull, or shell. The rice mixed with the removed husks is then put through a separator which separates the husked seed from the loose hulls. The seed

---

[1] T. D. 37670 (34 Treas. Dec., 516).

thus separated is brown in color and is known as brown rice. The brown rice is then subjected to a further hulling process which removes the skin covering the gluten as well as some of the gluten and produces a mixture of skin and gluten known as rice bran. The seed is next polished by a pearler which removes the gluten remaining and produces the clear white rice.

The witnesses are all agreed that husking bruises, loosens, and to some extent removes the cuticle covering the gluten, especially if the rice be soft, but that the seed after such husking must be submitted to a hulling process, which, although specially designed to take off the cuticle, not only grinds away the cuticle but likewise some of the gluten.

It is affirmatively shown that the product here in controversy is brown rice and that it must be further processed in order to remove the cuticle covering the gluten, which cuticle, though disturbed and even broken off to some degree by husking, was not intended to be, and could not be, properly eliminated by that process.

The statute provides in terms for paddy or rice having the outer hull on, for uncleaned rice which is defined to be rice free of the outer hull and still having the inner cuticle on, and for rice, cleaned, which apparently means rice separated from both the outer hull and inner cuticle. In view of that provision and of the processes to which rice seed, as shown by the evidence, must be submitted to fit it for consumption in this country, it is very clear that Congress has graded the duty on rice according to its advancement and the condition to which it has been brought by such processes.

If it is paddy, that is to say, the raw unhusked seed, it is subjected to a duty of only three-eights of 1 cent per pound. If it is simply husked, it is made to bear a duty of five-eighths of 1 cent per pound, but if it is further advanced by removing the inner cuticle it is taken out of the category of uncleaned rice and carries a duty of 1 cent per pound, unless it be classifiable as broken rice or as one of the other rice products provided for in the paragraph.

The rice in question has been simply husked, and it is not pretended that it is either rice flour, rice meal, or broken rice. The testimony establishes without contradiction that it must be further processed in order to remove the inner cuticle. It is, therefore, uncleaned rice and should be subjected to no higher rate of duty than five-eighths of 1 cent per pound, as claimed by the importers. In holding that the duty on rice is determined by the condition to which it has been advanced, we do not mean to say that rice would be classifiable as uncleaned rice if the husking process so effectively removed the cuticle as to render processing for that special purpose unneces sary. In other words, rice in the condition to which any given process would bring it must be regarded as processed to that extent.

The decision of the Board of General Appraisers is *affirmed.*